UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In Re: | Bk. No. 23-80418 |
| BRIAN K. WINTERS, | CHAPTER 13 |
| Debtor. | JUDGE: THOMAS M. LYNCH |
| | Confirmation: 6/1/23 at 10:00 a.m. |

OBJECTION TO CONFIRMATION

Now comes Consumers Credit Union, its successors and/or assigns, (hereinafter referred to as "Creditor"), a creditor herein, by TERRI M. LONG, its attorney, and objects to the confirmation of this plan. In support thereof, creditor respectfully represents as follows:

1. On April 11, 2023, the Debtor herein filed a petition for relief pursuant to Title 11, Chapter 13, United States Code.

2. Movant is a creditor of the Debtor with respect to a loan and security agreement dated 04/17/2020 and secured by liens upon the vehicles described as a 1998 Baja Outlaw, HIN AGC71035K798 ("Boat"); 1998 Mercury 502, OL017808/OL017799 ("Motor") and a 1998 Heritage Trailer VIN 4APKB3530W1000005 ("Trailer") (collectively "the Vehicle"), with an outstanding balance of $50,907.35.

3. Debtor's plan provides for a secured claim to Creditor in the amount of $25,000.00 for the Vehicle, payable at 6.5% interest at $518.75 per month.

4. The plan values the boat at $25,000.00 and Creditor objects. Not only does the plan fail to account for the value of the Trailer, but it also significantly undervalues the Boat. According to the JD Power Values Guide, Marine Edition (Market Report), the actual retail value of the Boat is $46,600.00 and the Trailer's value is $3,235.00, for a total value of **$49,835.00.** (*See*, Exhibit "A", attached hereto and made a part hereof).

1

5. Creditor is entitled to the retail value of the collateral. Pursuant to 11 U.S.C. § 506(a)(2), if the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, *replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.* (Emphasis added.)

6. In addition, Creditor requests an interest rate that reflects factors set forth in In Re Till, 541 U.S. 465 (2004). The rate must compensate creditor for the decline in the value of its collateral, and must reflect the current prime rate of interest, *with additions for* risk factors specific to this Debtor. The prime rate of interest as of this date is 8.25%.

7. Finally, the plan is unfeasible with an increased value for creditor, as the monthly set payment will not pay the claim of creditor within the term of the plan.

WHEREFORE, Consumers Credit Union, its successors and/or assigns, prays that this Honorable Court enter an Order denying confirmation of said plan, and for such other and further relief as this Court may deem just.

    Consumers Credit Union, its Successors and/or Assigns

    BY: /s/ Terri M. Long
        TERRI M. LONG

Terri M. Long
Codilis & Associates, P.C.
15W030 North Frontage Road
Burr Ridge, IL 60527
Phone: (630) 230-2664
Terri.Long@il.cslegal.com
Atty. for Consumers Credit Union, its Successors and/or Assigns
C.284-431 / 14-23-03346

CERTIFICATE OF SERVICE

     I hereby certify that on May 5, 2023, I electronically filed the foregoing Objection to Confirmation with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

David Freydin, Attorney for Debtor
Lydia Meyer, Chapter 13 Trustee

And I certify that I have mailed by United States Postal Service the Objection to Confirmation to the following non-ECF participants on 05/08/2023:

Brian K. Winters
3317 Cardington Way
McHenry, IL 60051
Debtor

                                                  /s/ Terri M. Long